**UNITED STATES PLYWOOD CORPORATION**

v.

**WATSON, Com'r of Patents.**

**No. 916–55.**

United States District Court
District of Columbia.

Dec. 19, 1958.

James M. Heilman and Heilman & Heilman, New York City, for plaintiff.

Clarence W. Moore, Washington, D. C., for defendant.

HART, District Judge.

1. This is a civil action brought by plaintiff under the provisions of 15 U.S.C.A. § 1071, as amended, and 35 U.S.C. § 145, for review of the decision of the Examiner-in-Chief of the United States Patent Office, acting for the Commissioner of Patents, in plaintiff's application for trademark registration, T.-M. Serial No. 578,175, filed May 3, 1949.

2. The goods recited in plaintiff's application for trademark registration is plywood. The subject matter presented in that application as the alleged mark is grooved or striated plywood. The drawing forming part of the application depicts a rectangular section of plywood with parallel grooves or striations extending throughout its length. The grooves are irregularly spaced, but very close together. Each groove is of the same depth throughout its length, but the depths of the different grooves are irregular in a random manner.

3. Subsequent to its filing and during its prosecution before the Examiner of Trademarks in the United States Patent Office, plaintiff's application was amended to bring it under the provisions of Section 2(f) of the Trademark Act of 1946 (The Lanham Act), 15 U.S.C.A. § 1052.

4. In his decision under review in this civil action, the Examiner-in-Chief ruled that the configuration of plywood depicted in the drawing of plaintiff's application for trademark registration and constituting the subject matter of that application is not registrable under Section 2(f) on the Principal Register specified in 15 U.S.C.A. § 1051, and is not registrable on the Supplemental Register, provided for by 15 U.S.C.A. 1091.

5. Plaintiff is the assignee of Patent No. 2,286,068, in the name of Donald Deskey, granted June 9, 1942, and entitled "Plywood Panel." This patent teaches that the stresses in a plywood panel which cause shrinking, cracking, checking and swelling can be eliminated, and the deleterious effects thereof avoided, by gouging the surface or surfaces of the panel with a multitude of closely spaced grooves, extending generally parallel to the grain, and preferably of uneven, irregular, and random depth, following no recurring pattern, but sufficiently closely spaced, and having, at sufficiently close intervals, sufficient depth as to cut through the recurring grain layers, and to break up each individual layer and the surface of the panel generally into narrow widths of ribs of uncut wood.

6. The striations or grooves in the configuration of plywood depicted in the drawing of plaintiff's application for trademark registration and forming the subject matter of that application are functional in that they inhibit checking and cracking, hide nail holes, minimize expansion and contraction, and prevent grain raising.

7. The configuration of plywood depicted in the drawing of plaintiff's ap-

plication for trademark registration and forming the subject matter of that application has not attained a secondary meaning which has rendered it distinctive of the plaintiff's plywood in commerce and a badge of origin of the plywood in plaintiff.

8. The configuration of plywood depicted in the drawing of plaintiff's application for trademark registration and forming the subject matter of that application does not identify· plaintiff's plywood and distinguish that plywood from goods manufactured and sold by others, and is incapable of distinguishing plaintiff's plywood.

9. No error is found in the rulings of the Examiner-in-Chief that the con-figuration of plywood depicted in the drawing of plaintiff's application for trademark registration and forming the subject matter of that application falls within the requirements of Patent No. 2,286,068; that plaintiff is attempting to register a patented article as a trademark for the patented article, the patented features being the very features of shape alleged to be distinctive as a trademark, and that the mere statement of the proposition is sufficient to show that registration on either the Principal Register or the Supplemental Register would be manifestly improper.

10. Sales of gum, Douglas fir, and Philippine mahogany grooved plywood, under the trademark "Weldtex", from 1940 to 1958, were as follows:

| Year | Production in Sq. Ft. in U. S. | | Wholesale Selling Price in U. S. | |
|---|---|---|---|---|
| 1940 | 27,487) | | $    4,123) | |
| 1941 | 314,757) | | 47,213) | |
| 1942 | 418,867) | | 62,845) | |
| 1943 | 113,698) | 1,473,517 | 17,054) | 188,606 |
| 1944 | 70,445) | | 10,566) | |
| 1945 | 528,163) | | 48,805) | |
| 1946 | 24,620,329) | | 2,432,567) | |
| 1947 | 27,296,073 | | 3,280,000) | |
| 1948 | 29,313,850) | | 4,811,059) | |
| 1949 | 27,030,000) | | 4,600,000) | |
| 1950 | 33,974,000) | | 6,080,000) | |
| 1951 | 32,757,080) | 382,404,252 | 5,774,000) | 65,324,926 |
| 1952 | 39,384,000) | | 6,321,400) | |
| 1953 | 36,136,000) | | 6,682,800) | |
| 1954 | 41,369,000) | | 7,017,100) | |
| 1955 | 35,792,000) | | 6,548,200) | |
| 1956 | 24,106,000) | | 5,000,000) | |
| 1957 | 19,273,000) | | 4,000,000) | |
| Total | 383,877,769 sq. ft. | | $65,513,532 | |
| Total to date: Nearly | 400,000,000 sq. ft. | | Nearly $70,000,000 | |

———◇———

11. Advertising of gum, Douglas fir and Philippine mahogany grooved plywood under the trademark "Weldtex" has been substantial and has averaged approximately Twenty-five Thousand Dollars ($25,000) per year directly and specifically to advertise Weldtex. For example, between January, 1945 and December 31, 1949, Plaintiff spent upwards of One Hundred Thirty Thousand Dollars ($130,000) directly and specifically to advertise Weldtex. In addition, said

product is advertised with others of Plaintiff's products, and if an apportionment of such advertising costs and expenses, and salaries of the advertising department of Plaintiff were made to said product, the foregoing sums would be greatly increased. Likewise, if the entire period of Plaintiff's advertising and sales of its Weldtex product from May, 1940, to date were taken into account, the above figures would be greatly increased.

12. The specifications for Plaintiff's plywood are: (1) the pattern repeats itself every 6 inches; (2) an average of 9½ grooves to the inch; (3) the grooves cut .013 inch to .071 inch deep; (4) grooves cut up to 71 per cent through the face ply; (5) average depth of cut .042 inch; and (6) average depth of cut 42 per cent through the face ply.

### Conclusions of Law

1. Section 2(f) of the Trademark Act of 1946 (The Lanham Act), 15 U.S.C.A. § 1052, provides that, except as expressly excluded in paragraphs (a), (b), (c), and (d) of Section 2, nothing in the act shall prevent the registration on the Principal Register of a mark used by the applicant for trademark registration which has become distinctive of the applicant's goods in commerce.

2. Section 23 of the Trademark Act of 1946 (The Lanham Act), 15 U.S.C.A. § 1091, provides that, for the purposes of registration on the Supplemental Register, a mark may consist of any trademark, symbol, label, package, configuration of goods, name, word, slogan, phrase, surname, geographical name, numeral, or device or any combination of any of the foregoing, but such mark must be capable of distinguishing the applicant's goods or services.

3. The term "trademark", as defined in Section 45 of the Trademark Act of 1946 (The Lanham Act), 15 U.S.C.A. § 1127, includes any word, name, symbol, or device or any combination thereof adopted and used by a manufacturer or merchant to identify his goods and distinguish them from those manufactured or sold by others.

4. A trademark must have an existence so distinct from the goods to which it is applied that it would be readily recognized by the public and by purchasers as an arbitrary symbol adopted to authenticate origin.

5. A configuration of an article that is functional in character may not acquire a secondary meaning so as to be subject to exclusive appropriation as a trademark for the article. Were the law otherwise, it would be possible for a manufacturer or merchant to obtain, in the guise of a trademark registration, a monopoly in perpetuity on such configuration, with ensuing serious potential consequences to the public.

6. Plaintiff is not entitled to registration on either the Principal Register or the Supplemental Register of the configuration of plywood depicted in the drawing of its application for trademark registration and forming the subject matter of that application, as applied to plywood.

7. The complaint should be dismissed.